**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Carrie Teager, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT** |
| Revenue Recovery Services, LLC c/o Legal Department 601 Carlson Parkway, Suite 1050 Minnetonka, MN 55305, | |
| Defendant. | **Jury Demand Requested** |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint, alleges as follows:

**JURISDICTION AND VENUE**

1- Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA") and its practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The TCPA prohibits automated telephone calls to cellular telephones without prior express consent. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor and requires a debt collector to cease communications with a debtor if the debt collector knows that the debtor is represented by an attorney.

2- This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA). Venue in this District is proper because defendant transacts business here.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of the Illinois.

5- Defendant is a business entity with its principal office in the State of Minnesota.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

## FACTS COMMON TO ALL COUNTS

10- In or around April 2014, Defendant began calling Plaintifføs cellular telephone using an automated dialer.

11- At the time of this communication, Plaintiff did not authorize any telephone calls from Defendant to his cellular telephone using an automated dialer. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

2

automatic telephone dialing system or an artificial or prerecorded voice . . .ö As a result of defendantøs illegal conduct, under section 227(b)(3)(B), Plaintiff is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

12- Because Defendantøs misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiffs.

13- Upon information and belief, Defendant made other calls to Plaintifføs cellular telephone using automated dialer technology.

14- During these communications, Defendant failed to identify itself as a debt collector as required under the FDCPA.

15- During these communications, Defendant falsely represented that legal action would be taken against Plaintiff for the Debt.

16- During these communications, Defendant falsely represented that Plaintiff would be waiving her legal rights if she did not return Defendants call.

17- Defendant damaged Plaintiff.

18- Defendant violated the FDCPA.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 47 U.S.C. § 227(b)(1), by negligently using an automated dialer to telephone Plaintiff on a cellular telephone.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 47 U.S.C. § 227(b)(1), by intentionally using an automated dialer to telephone Plaintiff on a cellular telephone.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

**24-** Defendant violated 15 USC § 1692e(11) by failing to identify itself as a debt collector.

## COUNT IV

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC §1692e(10) by using false representation or deceptive means to collect a debt.

## COUNT V

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, a debt.

## COUNT VI

29- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

30- Defendant violated 15 USC § 1692e(11) by failing to disclose that a communication was from a debt collector.

## JURY DEMAND

31- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

32- Plaintiff prays for the following relief:

4

a- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

b- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c- Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

d- Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

e- Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

f- Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*